We'll move now to Appeal 25-2721, George Moore v. Club Exploria, LLC Mr. Mazzino will begin with oral argument from you. Thank you. May it please the Court. Your Honors, this appeal is about what a defendant in a putative class action has to do to preserve its right to arbitrate, not with the named plaintiff, but with a subset of absent class members. We know the defendant can't actually move to compel arbitration with the class members until after class certification and opt-out, because until that time, the class members are not parties before the Court. Despite that, plaintiff argues that Club Exploria had to give early pre-certification notice of the possibility of arbitration with potential future class members. That's wrong. To waive a contractual right, this Court has said, a party has to act in a way that's wholly inconsistent with the right. In other words, it has to litigate in a way that shows a clear intent to have the arbitral claims heard in court rather than in arbitration. Here, that didn't happen. Before class certification, everything Club Exploria did, it would have done regardless of arbitration with the class members. Counsel, I looked at the cases that you relied on, Gutierrez, H&T, Spearley. In all those cases, there was at least some mention of arbitration very early on. I call Gutierrez the overachievers, a conditional motion to compel arbitration. I'm not suggesting that your client had to do that, but it came up at the initial scheduling conference. Here, there was radio silence. I guess the question is, what do we do with that radio silence on arbitration? That distinguishes your case from these three main cases that you rely on, where the topic was broached to allow the parties to discuss amongst themselves as to narrowing the class, excluding parts of the class. That discussion was never had because arbitration was never brought up. Your Honor, you're right that more early notice was provided in those cases, but those cases were also very careful to emphasize that that notice is not categorically required. If you look, for example, at the Ninth Circuit in Hill v. Xerox, the court went out of its way to say that it was not adopting what it called a use-it-or-lose-it rule that would require future defendants to provide affirmative notice of arbitration rights early in the litigation. It said notice was required there only to counteract the effect of the defendant's conduct, which was otherwise affirmatively inconsistent with arbitrating those claims. Similarly, in Valley, the Third Circuit said, quote, advance notice of intent to arbitrate might not be called for where a party has not acted inconsistently with that intent. So the ultimate question in this court, even though this court has never confronted this particular fact pattern where you have arbitration only as to the absent class members, this court has been very clear in a whole series of cases. The ultimate question is, has the defendant acted inconsistently with arbitration? I submit that didn't happen here. The district court pointed to two things pre-certification that it thought gave rise to waiver, participation in discovery and the filing of a motion for summary judgment. But the discovery was not specific to these absent class members. It would have happened regardless because, again, we concede Mr. Moore's claims are not arbitrable, and there are many thousands of absent class members whose claims also are not arbitrable. So that discovery would have happened regardless. Similarly, the motion for summary judgment was directed only to Mr. Moore's individual claims. In fact, if you look at page 54 of the appendix, when Mr. Moore tried to inject issues that pertain to the absent class members, Club Exploria objected to that, said it was premature at that stage. So I think the cases are pretty clear that notice is not required if the defendant is only engaged in litigation activity that would have happened anyway. I take your point there that the vast majority of the claims here were not arbitrable. And you moved expeditiously, this is your view, when you discovered this 1% or these thousand or so folks who were subject to an arbitration agreement. But buried, well, it's not quite buried in your motion to compel arbitration. There's a footnote that says, you know, we plan or we reserve the right to file more motions to compel arbitration. So my question is, well, how many more motions? And why should we not see that as waiver, at least at this point, to these future unidentified motions to compel arbitration that you're saying you've reserved the right to file? You know, at this point in time when you're finally filing this motion to compel arbitration. Can you talk to me about that footnote? Sure, Your Honor. So the first thing I'd say is that any issue of waiver as to additional class members is not before the court, hasn't been briefed. If this court were to reverse the finding of waiver as to the 1,000 class members at issue here, we would review this court's opinion. In light of this court's analysis, we would make a determination whether to file additional motions in the district court. If plaintiff wants to make waiver arguments as to those motions, that can be litigated in the district court. We haven't briefed that yet, and it's not currently before this court. The other thing I'll say is just to sort of explain why we proceeded in that way. I think it made sense given that at the time Club Exploria was filing this motion, the district court had already said, had already ruled that arbitration was waived. It made that ruling when we first raised this shortly after the class certification order. So the motion was really for preservation. So I think at that point it made some amount of sense to say we're filing this motion to sort of tee up the issue and get an appealable ruling, because of course this court had held that we couldn't appeal the initial waiver ruling. We had to file a motion to compel in order to get an appealable ruling. But again, I don't think this court needs to get into any of those waiver issues that might come up as to additional class members. I think you can leave that for the district court. Well, I wonder what it says about your theory. I mean, is it your theory that Club Exploria can raise the issue of arbitration at any point in time and just can keep on a rolling basis identifying class members who are subject to arbitration? No, Your Honor. The question is, has Club Exploria acted inconsistently with the right? Now, I already explained why I don't think we did before class certification. What happened after class certification is very promptly, just six weeks after the order, we raised an arbitration defense not specific to specific class members, but we just said we want to raise the defense of arbitration as to some absent class members. At that point, the district court ruled, no, that's too late. You've waived it by not raising it before now. So I think at that point Club Exploria had acted appropriately to preserve the right. But again, I'm not asking this court to hold anything other than that it wasn't waived as to the 1026 at issue here. Just briefly, as to the conduct after class certification, I think it's very clear we didn't waive after class certification. Again, we raised it promptly. The district court focused on four motions that were filed essentially contemporaneously with the attempt to raise arbitration, but none of those sought relief that was inconsistent with arbitration. Actually, not contemporaneously. I think I'm looking at a timeline. The arbitration, I think, was raised in your motion for leave to file a second amended answer, no? That's right, Your Honor. And also, was that where the consent defense was raised? I think that was in your B-1 motion, which was filed that same day. And it wasn't until many weeks later, maybe, well, two or three, that you sought to leave to add the arbitration defense. So it wasn't contemporaneously. You went with the consent, which let me ask you this. It's based on the same agreement, right? Like the consent defense and the arbitration? Your Honor, I'm not sure if that's true, but let me answer that. And then if I can, I'd like to reserve a little bit of time for rebuttal. Respectfully, that's not correct. We filed those four motions. It was five days later that we reached out to opposing counsel and gave notice that we also wanted to raise an arbitration defense. And then it was, I believe, another five or six days after that. I don't remember exactly how many. You're correct, counsel. I'm remembering this. And plaintiff's counsel objected and said, you're too late. That's right. And you threw yourselves at the court to make a decision on that. Right. So that's why I say I think it was effectively contemporaneous. It wasn't after these motions had been briefed or decided. As to the motions, there was a motion to dismiss that we sought to withdraw. We acknowledged it was premature in any way. This Court has said motions to dismiss are not inconsistent with arbitration. There was a motion to amend the class cert order, specifically to remove what we contended was a premature merits adjudication, to amend the answer to raise other defenses like consent. That's not inconsistent. We have to give notice of our other potential defenses. And finally, to reopen discovery, specifically in response to plaintiff trying to serve subpoenas related to class member discovery. So I don't think any of that was inconsistent. And if I can, I'd like to reserve whatever time the Court is willing to give me for rebuttal. We'll give you some time for rebuttal. Thank you, Mr. Mazzina. Mr. Sostren, we'll move to you now for argument on behalf of the appellee. Good morning, and may it please the Court. Plaintiff filed this action seven years ago. The District Court has already granted summary judgment in favor of a certified class. The time for arbitration has long passed. Excloria knew about these purported arbitration agreements from the outset of the case, but chose to litigate rather than attempt to enforce them because it's not even a party to the alleged arbitration agreement. It's not related to a party to the alleged arbitration agreement. It didn't raise it because they have no good arbitration argument. It filed its pleadings, therefore, without raising arbitration. It completed a full discovery period over the course of two years without ever producing any documents related to arbitration. It opposed class certification without ever arguing that any class members were bound to arbitrate, and it filed its own summary judgment motion. Only after the Court certified the class and denied its motion for summary judgment did Excloria ever claim that it wanted to arbitrate, but by that point it had already chosen to litigate and it lost. Can you remind me what's your evidence that they knew about these arbitration agreements for the thousand or so absent class members that they came back from?  So when the Court denied Exploria's summary judgment motion, it found that Exploria had reviewed the websites hosting the alleged arbitration agreements even before the case was filed. During the course of discovery, as Judge Maldonado asked, they were interested in the websites hosting the arbitration agreements to try to prove that class members had consented to the calls, and so they sent subpoenas to those website providers to try to gain information about consent that they then would argue in opposition to class certification. So it saw the websites during discovery. Exploria's counsel, during a deposition in 2020, asked its lead provider about arbitration agreements on the websites. So it knew about the arbitration agreements, and you can find those sites at Supplemental Appendix 100, 106, and 120. It is harder to imagine a clearer waiver of arbitration rights under this Court's precedent. The question is whether a party manifested an intent to proceed with litigation. Exploria did not just manifest an intent to proceed with litigation, it completed litigation virtually. This Court's precedent also asked whether the party participated in discovery. Exploria did not just participate in discovery, it completed discovery. And it completed discovery as to these specific class members. It claims that it didn't litigate these class members' claims, but that is not correct. It sent a subpoena to Fluent, the owner of the website hosting the specific arbitration agreement that they are asserting here. They sent that website owner a subpoena, and you can see that at Supplemental Appendix A76, and then also in the District Court Record at document 195-33 at page 24. And they sent that subpoena to gain information to support its arguments that class members had consented to receive the calls, and therefore would have no claim on the merits. It didn't do it because it wanted to prove that they were bound to arbitrate. It also litigated these class members' claims when it hired an expert witness to review logs of calls to all class members, including these class members, and opine that they had consented to receive the calls. And it submitted that expert report in opposition to class certification, where it argued the class members consented to receive the calls, and therefore would lose on the merits, and you can't certify the class. So it did litigate the claims of these class members, and it should not be lost on this court that Exploria has contended in the District Court that 70-some percent of the class members are bound to arbitrate, but it just filed this one motion to preserve its rights, and it wants to file more later. So this is not about 1,000 class members. It's about virtually the majority of the class. So this is interesting to me. I believe currently there are 1,000 and some change class members who have an arbitration agreement with one of these third-party websites. Allegedly. And the class is 66-some thousand.  Is that correct? Right. So a little over 1.5% of class members we're talking about here. That had been teed up in this specific motion. However, they contend that 70% of the class members also agree to arbitrate. And so their litigation of the case was as to all of the class members, and it's very easy for them to come up here and say, well, we didn't litigate these class members' claims. But, in fact, they did, as I said, but all of the class members' claims. This court's precedent also asked whether the party was diligent in raising arbitration. The district court found that Exploria had submitted no evidence that it was unaware of the arbitration agreements and no evidence explaining its delay. So there's no evidence of diligence, and it's interesting that their brief doesn't even claim that there's diligence here. All they can do is say, well, it's impossible to waive arbitration against absent class members before certification. But the Third Circuit, the Ninth Circuit, the Tenth Circuit, and the Eleventh Circuit have all rejected that argument squarely. And as the district court found, even after the class was certified, Exploria continued to litigate the class members' claims. It's true that shortly after the class was certified, they filed a motion to amend their answer to raise an arbitration defense. And one of the basis for our initial objection was, you've not even identified an arbitration agreement. And then they appealed the court's denial of their motion for leave to amend their completing. And in briefing on that, we're saying, you haven't even identified an arbitration agreement. We repeatedly pointed that out, and it wasn't until a year and a half after the class was certified that Exploria put an arbitration agreement on the record. Mr. Sussman, a question concerning standard review. Page 15 of your brief, you talk about our court's review being deferential. You cite U.S. Bank v. Lake Ridge. Obviously, the other side, and I'll ask Mr. Mazin about this when he gets up again, embraces a de novo review. Our case law has not been clear, crystal clear on this, with regard to which it should be. The argument about it being a deferential review, is that based upon the nature of the call being made by the district court being both legal and factual? Yes. And I think in BRIC structures, this court said that waiver is essentially inherently a fact-bound question. And so because the district court is in a better position to assess that, a finding of waiver should be reviewed with deference. And as an example, the district court said there's no evidence that you were unaware, there's no evidence to explain your delay, which are factors that the court is supposed to consider in assessing waiver under this court's precedent. I also would like to go back, if I may, to their post-certification conduct. In addition to never identifying an arbitration agreement, they filed a motion to reopen discovery so that they could depose class members to gain testimony regarding consent. In their motion, they stated, quote, that it wanted to, quote, conduct merits discovery and obtain testimony from class members ahead of its intended trial showing. This is an express statement that Exploria still, after certification, wanted to litigate the class members' claims at trial. So after class certification, they continued to litigate the class members' claims. They filed a motion to redefine the class to exclude certain class members, but not class members that were bound to arbitrate, but class members for whom an address had not been found in the notice process. It also moved to dismiss class members' claims, arguing that they had consented and therefore did not have standing. But you take opposing counsel's point on our precedent about motions to dismiss, and they are not inconsistent with an intent to arbitrate. You don't contest that, right? I don't contest that if a defendant files a motion to dismiss at the outset of a case that says there's no standing here, that that's not inconsistent with an intent to arbitrate. But in the context of everything that has happened in this case, to file a motion to dismiss on standing after the class was certified is certainly inconsistent with an intent to arbitrate. Thank you, Mr. Sostrin. Mr. Mazzino, we're going to go back to you. Give you three minutes for rebuttal. Could I start you out with that standard review question? Page 17 of your brief, you indicate de novo. Page 15 of Mr. Sostrin and Mr. Keough's brief talk about deferential review. Again, our case law is not completely clear. Your thoughts? Thank you, Your Honor. So on the standard review, as I think Your Honor is aware, there are many cases from this court that say where the facts are undisputed, the ultimate question of waiver is review de novo. I acknowledge there are some cases that are inconsistent. I think there are cases that have tried to square the circle by saying, well, the inconsistency isn't really inconsistent because it's really when it's weighing facts and judging credibility that's when we defer. I also recognize Judge Easterbrook wrote a concurrence I think last year where he said under Lakeridge it ought to be more deferential. I think Lakeridge, at a minimum, supports de novo review here. What Lakeridge says is we defer when the inquiry is mostly about weighing the evidence and judging credibility, but when the case is going to establish principles that are going to be significant to guide other cases, then it's de novo review. But we should take Lakeridge as our lodestar. I'm fine with Lakeridge. Well, let me just say, Your Honor, I think the first lodestar is the many cases from this court that say de novo, and I think you'd have to overrule those to do anything different. But ultimately, if you get past those cases, I think Lakeridge is the right standard. And I think under Lakeridge, the fundamental question here is a legal one about what does a defendant in a class action have to do to preserve arbitration with the absent class members. That's an issue that has led to multiple published opinions in the last several years from other courts of appeals. I don't think it's an issue that should be left to case-by-case discretion of individual district judges. It's an issue that would benefit from legal guidance from this court. Thank you. You may continue with the remainder of your argument. Thank you, Your Honor. So on that issue, I think all of my friend's points flow from a fundamental misunderstanding or a failure to recognize the difference between, on the one hand, waiving arbitration vis-à-vis the named plaintiff and vis-à-vis a subset of absent class members. All of the litigation conduct that he talked about is conduct that would have happened regardless. Even if we had said from the outset, there's 1,000 class members, and if the class gets certified, we're going to try to compel arbitration as to those 1,000 class members, nothing would have been different. Everything we did, all the discovery that happened, all of the expert discovery, all of the motions, would have played out exactly the same. Although you hear him take the position this morning that you actually are talking about 70% of your class. You just haven't gotten around to it, but it's 70% of your class that would be subject to arbitration. Do you want to respond to that? Your Honor, as I said before, that's not before the court. He can make his waiver arguments on remand as to those, but I'd also say even if we're right at the maximum of 70%, there's still a class. Nobody disputes there's a class with many thousands of class members and we would have had to litigate in court as to that class. And there are multiple cases that say if the litigation activity would have happened regardless, it's not a waiver. So the last point I'll make is just that the test this court has articulated is not just about could you have raised it earlier, it's whether you did things that are affirmatively inconsistent, it's their burden, and I submit it should be a high bar for waiver. At a point in the litigation when everyone agrees you couldn't actually enforce the right, all you could do is give future notice. Thank you, Your Honor. Thank you very much, counsel, for both sides. The case will be taken under advisement.